AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>ALEX CALCANO-CARRASQUILLO,<br><br>Defendant | Case No. 5:24-MJ-331 (TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 27, 2023 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) | Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

_____
Complainant's signature

Andrew J. Quinn, Task Force Officer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 7/25/24

_____
Judge's signature

City and State:   Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
Printed name and title

FILED
U.S. DISTRICT COURT - N.D. OF N.Y.
JUL 25 2024
AT____O'CLOCK_____
John M. Domurad, Clerk - Syracuse

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

### I.   INTRODUCTION

Andrew J. Quinn, a Task Force Officer with the United States Drug Enforcement Administration ("DEA"), being duly sworn, deposes and says:

1.   I make this affidavit in support of a criminal complaint charging Alex CALCANO-CARRASQUILLO, the defendant, with violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), distribution of 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

2.   I am a Task Force Officer with the Drug Enforcement Administration ("DEA") and have been since 2021. I am currently assigned to the DEA Syracuse Resident Office, in Syracuse, New York. As such, I am an "investigative or law enforcement officer" of the United States, as defined by 18 U.S.C. § 2510(7), who is empowered by law to conduct investigations and make arrests for offenses enumerated in 21 U.S.C. § 801 and 18 U.S.C. § 2516. I have been a sworn member of the Syracuse Police Department since May 16, 2008. As a former member of the Uniform Patrol Bureau of the Syracuse Police Department, my duties included responding to police calls as well as the enforcement and investigations of violations of NYS Penal Law Articles 220.00, 222.00 and 265.00 of the Penal Law of New York State. I have been involved in hundreds of street-level drug investigations and have personally made hundreds of arrests for street-level drug offenses in the City of Syracuse, acting in my former capacity as a Police Officer. Additionally, I have drawn and executed numerous drug search warrants as well as assisted in conducting numerous drug search warrants and investigations.

3. I have participated in several multi-agency narcotics investigations. During the course of these investigations, I have conducted or participated in surveillance, undercover transactions, execution of search warrants, debriefings of informants and reviews of tape-recorded conversations and narcotics records. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below.

4. I base this affidavit on having personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the complaint.

## II. **Probable Cause**

5. On July 27, 2023, USPIS Inspector Price was alerted to USPS PM parcel 9505510540963207400236 ("Parcel 236"), which had been mailed from Puerto Rico and had similar characteristics to previously seized parcels found to contain cocaine that had been shipped from Puerto Rico to Syracuse New York. These included the weight of the parcel, the fact that its postage was paid for in cash, the geographical area that it was mailed from, and the type of box used (USPS supplied mailing box). Parcel 236 was mailed from Alberto Santiago, Ave Eduardo Conde 1920, Apt #3, Villa Parmeras, San Juan, Puerto Rico 00915 destined for Anthony Santiago 124 Hartson Street, Apt #1, Syracuse, New York 13204.

6. On August 1, 2023 Inspector Price applied for a federal search warrant for Parcel 236. On the same date, Judge Lovric authorized a search warrant for Parcel 236. On August 2, 2023, Inspectors executed the search warrant and seized approximately three kilograms (3108 grams) of suspected cocaine from within Parcel 236. A field test was conducted, which yielded a positive result for cocaine. USPS Forensic Laboratory Services later processed Parcel 236 and identified three latent fingerprints on plastic wrap inside of the parcel. These fingerprints positively matched fingerprints on file in the FBI database for CALCANO CARRASQUILLO. The USPIS FLS also conducted a chemical analysis of the suspected cocaine, which yielded a positive result for cocaine HCL. In addition to CALCANO CARRASQUILLO's fingerprints being found on the inside of the package USPIS was able to obtain surveillance footage from the mailing Post Office in Puerto Rico of Parcel 236 being mailed. A review of that footage revealed that CALCANO-CARRASQUILLO was the mailer of the parcel seized on August 2, 2023 found to contain over 3 kilograms of cocaine.

7. Subsequent investigation has established that CALCANO CARRASQUILLO is currently residing in Puerto Rico.

## III. CONCLUSION

8. In light of the foregoing, I respectfully submit that there is probable cause to believe that Alex CALCANO-CARRASQUILLO distributed 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Andrew J. Quinn
Task Force Officer
U.S. Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on July 25, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Thérèse Wiley Dancks
United States Magistrate Judge